UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS JEWELL CARR                                                                       Plaintiff

v.                                                              Civil Action No. 3:19-cv-P470-RGJ

TIMOTHY HUBER, *et al.*                                                                Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Thomas Jewell Carr filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. The Court must undertake an initial review of this action pursuant to 28 U.S.C. § 1915A. By Memorandum and Order entered on October 15, 2019 (DN 6), the Court construed the complaint as alleging Fourth Amendment claims for illegal search and seizure, false arrest, and excessive force under 42 U.S.C. § 1983. In order to complete an initial review, the Court ordered Plaintiff to advise this Court in writing as to the status of the criminal charges against him. The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: December 5, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
     Jefferson County Attorney
A961.010

2